UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JAMES CALDWELL, #511594,**

      **Petitioner,**

v.                                          Case No. 07-CV-10546
                                           Honorable Nancy G. Edmunds
                                           Magistrate Judge Donald A. Scheer

**WILLIE SMITH,**

      **Respondent**.

_____

**OPINION & ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS**

**I. Introduction**

This matter is before the Court on Petitioner's *pro se* request for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner, James Caldwell, is presently confined at the Ionia Maximum Correctional Facility, in Ionia, Michigan. Petitioner was convicted of second degree criminal sexual conduct in violation of MCL §750.520c(1)(a). Petitioner was sentenced to 2 - 15 years of imprisonment on March 23, 2005. Petitioner states in his habeas petition that he has not appealed his judgment of conviction to the Michigan Court of Appeals or to the Michigan Supreme Court.

For the reasons stated below, the Court finds that Petitioner's habeas petition must be dismissed without prejudice because he has failed to exhaust his state court remedies in this matter.

**II. Discussion**

    **A. Exhaustion of State Remedies Standard**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)("state prisoners must

give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir.1994). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.1993). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on petitioner's claims." *Rust v. Dent*, 17 F.3d at 160. A petitioner must present each ground to both appellate courts. *Welch v. Burke*, 49 F.Supp.2d 992, 998 (E.D.Mich.1999); see also *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir.1990).

Federal courts will not review a habeas corpus petition when a state prisoner has not first presented his or her claims to the state courts and exhausted all state court remedies available to him or to her. *Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir.1998). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. See *Foster v. Withrow*, 159 F.Supp.2d 629, 638 (E.D.Mich.2001).

### B. Application of the Law & Analysis

In this case, Petitioner asserts claims of double jeopardy, ineffective assistance of counsel and incompetency. Petitioner contends that his mental and psychological health challenges deprived him of a fair trial; and the fact that Petitioner's alleged incompetency was not recognized by the trial court exacerbated an already unjust set of circumstances. Petitioner generally argues that his incompetency and failure of the trial court to order an investigation into his mental and

psychological health issues led to his inability to access the state appellate system so that he could fulfill his burden of exhaustion. Although the Petitioner has attached a medical report which indicates that he suffers from bipolar disorder, an anti-social personality disorder and from mild mental retardation, there is no evidence to support that his psychological condition precluded him from pursuing this matter through the state courts. Nonetheless, the fact still remains that Petitioner has not exhausted any of his habeas claims in any state court, which deprives this Court of jurisdiction to preside over this matter and requires the dismissal of this case.

The Court, however, is cognizant of the statute of limitations issue the Petitioner faces. Petitioner was sentenced on March 23, 2005. He had 12 months in which to file an appeal with the Michigan Court of Appeals, the time which would have expired on March 23, 2006. *MCR 7.205(F)(3)*. It is at that point that the one year statutory period for filing a habeas petition would have begun to run, which expires March 23, 2007. *28 U.S.C. §2244(d)(1)*. Petitioner filed this habeas petition on February 5, 2007, which is 46 days prior to the expiration of the habeas statute of limitations period. Because the filing of a petition for habeas corpus in federal court does not toll the statute of limitations under 28 U.S.C. § 2244(d)(2), any subsequently filed habeas petition in this case would be untimely. Therefore, in light of the fact that only 46 days remain before Petitioner is barred from seeking habeas relief, the Court recognizes that this is an abbreviated period of time in which to do what is necessary to facilitate the exhaustion of Petitioner's state court remedies.

Accordingly, the Court may provide safeguards so as not to "jeopardize the timeliness of a collateral attack." See *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir.2002), quoting *Zarvela v.. Artuz*, 254 F.3d 374, 380 (2d Cir.2001). The Court shall adopt the safeguards approved by the Sixth Circuit in *Hargrove v. Brigano*, 300 F.3d 717, 719-21 (6th Cir.2002). Therefore, the Court shall

dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, February 5, 2007, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner pursuing his state remedies within **sixty days** of this Court's Order and returning to federal court within **sixty days** of exhausting his state remedies. See *Hargrove v. Brigano*, 300 F.3d at 718, 721.

**III. Conclusion**

Petitioner has failed to present his habeas claims to the Michigan Court of Appeals or the Michigan Supreme Court and therefore has failed to exhaust his state court remedies.

Accordingly,

IT IS HEREBY ORDERED that the "Petition under 28 U.S.C. §2254 for a Writ of Habeas Corpus" **[Doc. #1-1, filed February 5, 2007]** is **DENIED** and this matter is **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from February 5, 2007, until the time Petitioner returns to federal court to pursue habeas relief, provided that: (i) Petitioner presents his unexhausted claim(s) to the state court within **sixty days** from the date of this Order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within **sixty days** of exhausting state court remedies.

　　　　　　　　　　　　　　　　　s/Nancy G. Edmunds
　　　　　　　　　　　　　　　　　Nancy G. Edmunds
　　　　　　　　　　　　　　　　　United States District Judge

Dated: February 13, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 13, 2007, by electronic and/or ordinary mail.

                                    s/Carol A. Hemeyer
                                    Case Manager